UNITED ELECTRIC LIGHT & POWER CO. v. BLACKTON.

(Supreme Court, Appellate Term.   April 17, 1912.)

EVIDENCE (§ 181*)—BEST AND SECONDARY—LIABILITY OF AGENT.
 Where, in an action against defendant individually for electric light furnished under a contract signed with his name, followed by "Treasurer C. C. M. C.," the defendant testified that the club which he claimed ·to have represented had disbanded, and that all its papers were destroyed, his testimony as to whether any bills had ever been rendered to him personally for electric current supplied under the contract was admissible· to lay the foundation for evidence of the contents of such bills.
 [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. § 181.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the United Electric Light & Power Company against J. Stewart Blackton.   From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Waldo & Ball, of New York City, for appellant.
Beardsley & Hemmens, of New York City, for respondent.

BIJUR, J.   Plaintiff sought to charge defendant for electric light furnished under a contract signed: "J. Stewart Blackton, Treasurer C. C. M. C."   This court reversed a former judgment, dismissing the complaint (128 N. Y. Supp. 92), on the ground that the signature, standing by itself, bound only the ·defendant—at least, in the absence of proof that the plaintiff was aware, when the contract was signed, that he was acting for some other party, or, indeed, that he was so· acting.   On the present trial defendant's counsel evidently endeavored to meet the failure of proof on the previous trial; and at least one· ruling of the learned trial judge excluding evidence tendered was erroneous.

Defendant, having testified that the club which he claimed to have· represented had disbanded, and that all its papers had been destroyed, was asked whether any bills had ever been rendered by the· plaintiff to the defendant personally for electric current supplied un-- der the contract.   This was objected to as immaterial, irrelevant, and incompetent.   It was evident that it was intended to be followed up by the further question as to the exact contents of such bills, namely, to whom they were actually rendered; but such further question was rendered unnecessary by the court's action in sustaining the objection to the question put.   The testimony which it would have elicited was competent, as secondary, after adequate proof of inability to obtain the original bills, and it was material and relevant, as tending to· show plaintiff's knowledge that defendant had acted on behalf of his alleged principal.

Certain other questions were excluded relating to conversations·

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

with an alleged agent of plaintiff; but, as the agency was not sufficiently shown, the objections to these questions were properly sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.